UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**RICHARD CONTRERAS LORENZO,**

**Plaintiff,**

**- against -**

**DANIEL F. DIAZ FLORES, ET AL.,**

**Defendants.**

**26-cv-5931 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

On March 23, 2026, the plaintiff, Richard Contreras Lorenzo, brought this action in the New York State Supreme Court against Daniel F. Diaz Flores, Super Bread II, Corp., ROXO3 LLC (collectively with Flores and Super Bread, II, Corp., the "Removing Defendants"), and Robinson A. Sanchez Mejia, alleging various state law claims relating to an alleged motor vehicle accident. See Summons and Complaint, Ex. 2 to Notice of Removal, ECF No. 2-2 at 12, ¶¶ 50-55. On July 14, 2026, the Removing Defendants removed this case to the United States District Court for the Southern District of New York on the basis of diversity of citizenship. See Def.s' Notice of Removal, ECF No. 2 ("Notice") at 3, ¶ 9. On August 11, 2026, the plaintiff filed a motion to remand this action to state court, asserting that there is incomplete diversity because Lorenzo and Mejia are both citizens of Pennsylvania. Mot. to Remand for Lack of Subject Matter Jurisdiction, ECF No. 9 ("Mot.") at 1-2. The defendants oppose this motion. See Def.s' Opp'n to Mot. to Remand for Lack of Subject Matter Jurisdiction, ECF No. 10 ("Opp'n"). Because the Court is unable to adjudicate

this motion on the current record, this matter is **referred** to Magistrate Judge Stewart D. Aaron for a determination of the plaintiff's motion to remand.

**I.**

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir.2004). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. See 28 U.S.C. § 1441(a). The defendants asserted federal jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. See Notice ¶ 9. Pursuant to that provision, a "district court[] shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For a natural person, citizenship depends on the state in which that person is domiciled, meaning that "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998).

Removal also requires unanimous consent by all defendants named in the underlying state-court action. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Further, "[e]ach defendant shall have 30 days after receipt by or service on that

defendant of the initial pleading or summons . . . to file the notice of removal." Id. § 1446(b)(2)(B). Multiple exceptions to the rule of unanimity exist, including "where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999).

**II.**

The plaintiff seeks remand on two independent bases. First, the plaintiff contends that diversity is incomplete because Lorenzo and Mejia are each citizens of Pennsylvania, divesting this Court of jurisdiction. Mot. at 1; Pl.'s Letter dated Aug. 11, 2026, ECF No. 8 ("Letter") at 1. The plaintiff also contends that the case should be remanded because Mejia has not joined or otherwise consented to removal. Letter at 1; Pl.'s Reply in Supp. of Mot. to Remand for Lack of Subject Matter Jurisdiction, ECF No. 12 ("Reply") at 1.[1] In opposing this application, the Removing Defendants contend that Mejia is a citizen of Maryland. Opp'n ¶ 2.

Each of the bases for remand advanced by the plaintiff hinge on factual determinations pertaining to Mejia, namely, where he is domiciled, and whether he had been properly served with service of process at the time that

---

1 Although the plaintiff raised this argument in his August 11, 2026 letter, and expanded on this argument on reply, the plaintiff neglected to raise it in his motion for remand. See Mot. at 1-2.

the removal petition was filed. But the parties' submissions to date do not shed any meaningful light on those issues. The only evidence submitted by the plaintiff in connection with his motion is an affidavit of service left at a Philadelphia address characterized therein as Mejia's "last known address per investigation." See Affidavit of Service dated June 15, 2026, Ex. A to Mot., ECF No. 9-1. The plaintiff relies on this affidavit in asserting that Mejia is a Pennsylvania domiciliary. Mot. at 2. However, this affidavit memorializes the plaintiff's attempts at service, and therefore represents nothing more than the plaintiff's ipse dixit with respect to Mejia's domicile. This evidence is insufficient to show that Mejia is a Pennsylvania domiciliary. The Removing Defendants contend that Mejia is a citizen of Maryland, Opp'n ¶ 2, but similarly proffer insufficient evidence to support that proposition. Specifically, the Removing Defendants rely on: (i) the plaintiff's complaint, which identifies Mejia as a Maryland citizen;[2] and (ii) a 2025 police report stating that Mejia's driver's license and registration provide Maryland addresses for Mejia. Opp'n ¶¶ 5-6. But like the affidavit of service on which the plaintiff relies, these documents do not provide any direct evidence of where Mejia is a citizen.

---

[2] Although the plaintiff originally characterized Mejia as a citizen of Maryland, he now takes the position that Mejia is a Pennsylvania citizen. In an August 11, 2026 letter to the Court, the plaintiff's counsel explained that "upon reviewing the Affidavit of Service upon Defendant Mejia in the Supreme Court action, it was further revealed that although Mejia may have been operating a vehicle with a Maryland license plate at the time Of the subject accident, his true domicile is located within Pennsylvania." Letter at 1.

The plaintiff relies on the same affidavit of service in contending that he "had already effectuated service upon Mejia" at the time that the removal petition was filed. Reply at 2. However, this affidavit, standing on its own, is insufficient to establish that Mejia was served for the same reason that it is insufficient to establish Mejia's domicile: that conclusion may only be drawn if Mejia resides at the Philadelphia address specified on the affidavit of service, a fact that the parties dispute, and for which there is no evidence. Therefore, the plaintiff's argument that this action should be remanded for lack of unanimous consent turns on the same issue of disputed fact, and cannot be adjudicated on the current record.

## CONCLUSION

Because the plaintiff's motion to remand turns on a contested issue of fact that cannot be resolved on the current record, this matter is **referred** to Magistrate Judge Stewart D. Aaron for a determination of the motion.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 9, 2026**

**John G. Koeltl**
**United States District Judge**