**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Richard Contreras Lorenzo,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**Daniel F. Diaz Flores et al.,**<br><br>**Defendants.** | **1:26-cv-05931 (JGK) (SDA)**<br><br>**<u>ORDER</u>** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

In July 2026, this action was removed by Defendants Daniel F. Diaz Flores, Super Bread II, Corp. and ROXO3 LLC (the "Removing Defendants") from the Supreme Court of the State of New York, Bronx County, on the basis of diversity of citizenship. (Not. of Removal, ECF No. 2, ¶¶ 8-9.) On August 11, 2026, Plaintiff filed a motion to remand the action to state court, contending that diversity is lacking because Plaintiff and Defendant Robinson A. Sanchez Mejia ("Mejia") both are citizens of the Commonwealth of Pennsylvania and that, in any event, Mejia, who had been served with the summons and complaint in Pennsylvania, did not consent to the removal, thus failing to meet the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A). (*See* Pl.'s 8/11/26 Mot., ECF No. 8, at 1; Pl.'s 9/18/26 Reply, ECF No. 12 at 1.)

By Order dated November 9, 2026, District Judge Koeltl found the evidence before the Court insufficient with respect to Mejia's domicile and with respect to whether Mejia resided at the Pennsylvania address where he purportedly was served. (*See* 11/9/26 Memorandum Op. & Order, ECF No. 14, at 3-5.) By Order dated November 16, 2026, Judge Koeltl referred to the undersigned the contested issue regarding the domicile/residence of Mejia. (*See* 11/16/26 Order of Ref., ECF No. 15.)

The Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of the different States." 28 U.S.C. § 1332(a)(1). "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e*., only if there is no plaintiff and no defendant who are citizens of the same State.'" *Platinum-Montaur Life Scis., LLC v. Navidea Bio., Inc*., 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

"'It is well-settled that the part[ies] asserting federal jurisdiction [here, the Removing Defendants] bear[] the burden of establishing jurisdiction,' and [they] must prove jurisdiction by a 'preponderance of evidence.'" *Platinum-Montaur*, 943 F.3d at 617 (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012)); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) ("The line of cases confirming the rule that the party invoking jurisdiction bears the burden is a venerable one." (citing cases)).

"A party's citizenship under 28 U.S.C. § 1332 depends on his domicile at the time the legal action is commenced." *Chevalier v. USA Exp. Moving & Storage Inc*., No. 03-CV-09059 (PKL), 2004 WL 1207874, at *2 (S.D.N.Y. June 2, 2004) (citing *Linardos v. Fortuna*, 157 F.3d 945, 947-48 (2d Cir. 1998)); *see also Van Buskirk v. United Grp. of Companies, Inc*., 935 F.3d 49, 53 (2d Cir. 2019) ("For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." (citation omitted)). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo ex rel. Delmage*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos*, 157 F.3d at 948). "Domicile is established initially at birth and is presumed to continue in the

same place, absent sufficient evidence of a change." *Id*. To effect a change of domicile, "two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there." *Id*. (quoting *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904)). To determine domicile, "[a] court must consider the entire course of a person's conduct in order to determine the relevant intent." *Korb v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., No. 03-CV-10333 (CSH), 2006 WL 300477, at *1 (S.D.N.Y. Feb. 7, 2006).

> Factors that courts often consider include: voting registration and voting practices, location of real and personal property, location where taxes are paid, location of brokerage and bank accounts, driver's and other licenses, membership in churches, clubs, and associations, whether the person owns or rents his place of residence, and locations of the person's physician, lawyer, accountant, dentist, or stockbroker. A 'totality of the evidence' approach is called for, and no single factor is conclusive, although the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight.

*Id*. (internal citations and quotation marks omitted).

"A person has only one domicile at any given moment, though it may change." *Van Buskirk*, 935 F.3d at 53 (citing *Palazzo*, 232 F.3d at 42). The general rule regarding proof of a change in domicile is that a party "has the burden of proving the 'require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'" *Palazzo*, 232 F.3d at 42 (quoting *Katz v. Goodyear Tire & Rubber Co*., 737 F.2d 238, 243-44 (2d Cir. 1984)).

The undersigned intends to hold an evidentiary hearing at which the Removing Defendants shall have the burden of establishing that subject matter jurisdiction exists in this action. In advance of such hearing, the Removing Defendants and Plaintiff will be provided the opportunity to take jurisdictional discovery. No later than December 1, 2026, the Removing Defendants and Plaintiff shall meet and confer and file a joint letter stating whether any of them

wish to take jurisdictional discovery and, if so, setting forth a proposed schedule for such discovery. The joint letter also shall set forth the names and domiciles of each of the members of ROXO3 LLC. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (limited liability company "takes the citizenship of each of its members").

**SO ORDERED.**

Dated: November 17, 2026
New York, New York

**STEWART D. AARON**
**United States Magistrate Judge**